UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENTAL HEALTH PRODUCTS, INC.,

    Plaintiff,

v.                                                     Case No. 08-C-1039

FRANK RINGO, et al.

    Defendants.

**ORDER**

Defendant Frank Ringo has filed a motion to dismiss the fourth claim pled in the amended complaint on the grounds that the claim (breach of contract) has not included allegations that the Plaintiff met the conditions precedent to the enforceability of the contracts at issue. Generally, the complaint alleges that Defendant Ringo breached non-compete and confidentiality agreements he entered into with his then-employer, Plaintiff Dental Health Products, Inc. ("DHPI".) DHPI asserts that the agreements at issue are garden variety restrictive covenants and that, as such, there are no "conditions precedent" to their enforceability. They become enforceable upon signature. In essence, the employee is agreeing to refrain from doing certain things (competing with his employer or disclosing confidential information) in exchange for his salary and other consideration.

A condition precedent is "an act or event, other than a lapse of time, which must exist or occur before a duty to perform a promise arises." Joseph M. Perillo, *Calamari and Perillo on the Law of Contracts,* § 11.5 (5th ed. 2003). Contracts with conditions precedent are typically insurance or option contracts: for example, your insurance company obviously need not pay out on a life

insurance policy until a death (the condition precedent to performance) has occurred. That is probably why Wisconsin requires that if performance of a contract is conditioned on some occurrence or event, the pleading must allege (albeit generally) that "the party duly performed all the conditions on his or her part or that the conditions have otherwise occurred or both." Wis. Stat. § 802.03(3).

I first note that Wisconsin's requirements for pleading contract claims do not apply in federal court, despite both sides' apparent belief that they do. While parties may agree that the law of a certain state governs their disputes, they cannot, by their private agreement, preclude a federal tribunal from applying its own rules. *See Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir.2003) (stating that federal, not state, pleading rules apply to state law claim brought in federal court). States have numerous requirements and sometimes employ heightened pleading standards for certain kinds of claims, but these merely govern how to *plead* such claims rather than how to *prove* the claims. As such, they are purely procedural requirements rather than substantive. This alone makes the motion to dismiss frivolous. *Johnson v. Hondo, Inc.,* 125 F.3d 408, 417 (7th Cir. 1997) (describing it as "rudimentary" that pleading requirements in the federal courts are governed by the federal rules).

Even if Wisconsin's pleading rules applied, however, run-of-the-mill employment agreements such as these do not involve the satisfaction of conditions precedent before they are enforceable. In a case cited by both sides, the plaintiff brought suit on a contract that expressly stated it was to become effective upon, *inter alia*, the lessor of premises consenting to an assignment and assumption of a lease. The Wisconsin Supreme Court reversed the trial court's decision overruling the defendant's demurrer to the complaint because "Nowhere in the complaint is it

2

specifically alleged that [lessor] consented to the assignment to and the assumption by Ross of the lease of the premises." *Price v. Ross,* 45 Wis.2d 301, 309, 172 N.W.2d 633, 637 (Wis. 1969). Here, however, there are no such conditions. The contracts do not, for example, become enforceable only upon the consent of a third party, a flood, the arrival of a schooner, or the price of oil exceeding 100 dollars a barrel. They are enforceable *ab initio*.

Ringo protests that the recitals of the agreements set forth a number of conditions that are precedent to enforceability. That section provides as follows:

> I, Frank Ringo, employed by Dental Health Products, Inc. (Employer), and in consideration of my employment by the Employer, the compensation and benefits incident thereto, and the other valuable consideration identified in this and the other agreements between the parties, including the additional and valuable training, knowledge and experience which this employment will provide me, which training, knowledge and experience might not otherwise be made available to me, and intending to be legally bound, I hereby agree as follows . . .

(Am. Compl., Ex. C, D.)

In Ringo's view, these recitals of consideration are "conditions" that are precedent to the agreement's enforceability. That is not true. The paragraph quoted above is instead merely a recital of the consideration Ringo received, or was to receive, in exchange for restricting his ability to compete. Because these are recitals of *consideration*, they speak to the formation of the contract (offer, acceptance, consideration) rather than the enforceability of any of its terms. The section merely identifies Ringo's incentive to sign the contract so that (presumably) consideration will not be challenged at some later time, and as such these recitals are not independent terms or conditions of the agreement itself. Ringo's view would turn every boilerplate "whereas" clause into a condition that must be "triggered" at some point in the future. That is not an accurate reading of contract law.

3

Of course, the recitals generally refer to compensation and other benefits that Ringo was to receive under the employment agreement, and if DHPI failed to meet the specific obligations required of it under the agreement, it may itself be in breach. A prior material breach of a contract by a plaintiff can be a defense to the plaintiff's subsequent action for breach against the defendant. *See Management Computer Services, Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis.2d 158, 183, 557 N.W.2d 67, 78 (1996) ("It is well established that a material breach by one party may excuse subsequent performance by the other."). Thus, it is possible, depending on the language of the contracts, that if DHPI did not confer on Ringo the benefits described in the recitals, his failure to comply with his obligations may be excused. There is no requirement, however, that the absence of such a defense be pled by the plaintiff.

The motion to dismiss is therefore **DENIED**.

**SO ORDERED** this  5th   day of January, 2010.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge