UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENTAL HEALTH PRODUCTS, INC.,

    Plaintiff,

v.                                          Case No. 08-C-1039

FRANK RINGO, et al.,

    Defendants.

**ORDER**

Plaintiff has filed a motion to strike the answer of Defendant Frank Ringo on the grounds that the answer was filed three days late and part of a lengthy pattern of delay. This case was filed on December 5, 2008, and Plaintiff argues we are still in the pleadings phase due to Ringo's repeated requests for extensions of time and his filing of two unsuccessful dispositive motions (one of which I described as frivolous). After this Court denied Ringo's second dispositive motion, on January 5, 2010, Ringo's answer was due on January 19. On that date, Ringo's counsel attempted to work out an extension agreement with Plaintiff's counsel, but Plaintiff's counsel was unwilling to agree unless Ringo responded to Plaintiff's discovery requests that same day. Ringo did not do so, and so no agreement was reached. Ringo then filed his answer three days later, on January 22.

Ringo protests that striking his answer (and entering a default judgment) would be a harsh sanction for a delay of only three days. Moreover, counsel for both sides had developed a pattern of agreeing to brief extensions, and thus Ringo states that the present motion to strike came "out of the blue." Finally, Ringo argues that Plaintiff cannot argue that it is in any way prejudiced by the

brief delay.

District courts may allow late-filed answers when the tardiness is due to excusable neglect. "The factors to consider include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Lewis v. School Dist. #70,* 523 F.3d 730, 740 (7th Cir. 2008). In the rare case, a district court would be within its discretion to strike a three-day-late answer if the tardiness reflected a significant pattern of lateness or a cavalier attitude towards the rules. But here, I am not satisfied that such is the case, and I do not find any evidence that Ringo's late filing was "volitional," as Plaintiff argues. After Plaintiff's counsel did not agree to the brief extension Ringo sought, Ringo filed his answer a mere three days later. In seeking the agreement of opposing counsel, Ringo evidenced good faith rather than apathy or carelessness, and he is correct that there can be no showing of prejudice.

> Here, there is no reason to believe that Ms. Lewis was at all prejudiced by the defendants' answer being filed two days late. The length of the delay and the potential impact on judicial proceedings was minimal, and there is no reason to believe that the defendants acted in bad faith. Because the tardy filing was a result of excusable neglect, we conclude that the district court did not abuse its discretion when it denied Ms. Lewis' motion to strike the defendants' answer.

*Id.*

Because I conclude the lateness was due to excusable neglect, the motion to strike is **DENIED**.

**SO ORDERED** this 28th day of May, 2010.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

2